Few, Exrx., et al., *v.* Esselman.

(No. 3215—Decided May 4, 1970.)

Municipal Court of Kettering.

*Mr. Steven J. Leve,* for plaintiffs.
*Mr. Horace Baggott, Jr.,* for defendant.

Berger, J. This court, after careful consideration of the pleadings of the parties hereto and the briefs in support of their respective positions, after a stipulation of facts, finds in favor the plaintiffs and against the defendant on the plaintiffs' petition and for the plaintiffs and against the defendant on the defendant's cross-petition.

It is agreed between counsel that the defendant, George M. Esselman, purchased a certain trailer from the deceased, Norman Few, on August 18, 1966; that as a part of that agreement, the plaintiff agreed to sell this trailer for the sum of $2,065 and the defendant executed a note in the amount of $1,465 and paid to Norman Few the sum of $1,000. Thereafter, possession of this trailer was given to the defendant, George M. Esselman, and he removed it to Hillsboro, Ohio. Some time later, this trailer was totally

destroyed by an admitted act of God, to wit, a severe wind storm or tornado. Thereafter, the plaintiff, Norman Few, now deceased, sued the defendant on the note for $1,465 and the defendant cross-petitioned for $1,000, his down payment, claiming that the plaintiff had never delivered title to the trailer and that he should recover his down payment. It is agreed further that the plaintiff, Norman Few, never tendered to the defendant, George M. Esselman, title to this trailer and the defendant never requested it from the plaintiff. These then are the facts which give rise to the issues here presented.

It is the opinion of this court that the Certificate of Title Law, R. C. 4505.03, was drafted and enacted by the Legislature so as to establish with certainty who owned a motor vehicle in this state. However, this statute is in reality a two-edged sword in that it not only establishes upon the seller of a motor vehicle the duty of delivering to the purchaser title to the vehicle, but it also places a duty upon the person purchasing a motor vehicle to obtain a certificate of title for it in his name. Thus, it is the opinion of this court that a purchaser can not claim that the seller did not deliver title to him in an action between these two parties, if the purchaser failed to take any action whatsoever to obtain such certificate of title. That is, in the opinion of this court, the controlling issue in this case. Here the defendant claims that because he did not receive a certificate of title before this trailer was destroyed, he should not suffer its loss, and he admits that he did not do anything to acquire a certificate of title.

It is therefore the opinion of this court that the rights of the parties in an action between the buyer and seller of a motor vehicle are not determined by the delivery of the certificate of title, but basic contract law of offer, acceptance, consideration and performance.

Thus, in a situation such as we have here, the buyer can not complain about the condition of the consideration which he receives, to wit, a destroyed trailer, and seek a rescission of the contract on that basis and defend on the basis of a failure to comply with statutory law, where he

has in fact aided or participated in the breach of that law.

We next come to the issue arising where two allegedly innocent parties come before the court for a determination of their rights when something totally outside their control has destroyed part of the consideration for a contract between them. It is the opinion of this court that the law is well established that where one of two innocent parties must suffer a loss, the one who made that loss possible by some act on his part must suffer the loss. Therefore, when the possession of this trailer was given to the defendant, George M. Esselman, and he moved that trailer from the seller's property to some other location, and this trailer was subsequently destroyed, the defendant must suffer its loss.

It is not subject to conjecture as to whether this trailer would have been destroyed had it remained in the possession of Norman Few because the facts are set forth hereinabove and the defendant, George M. Esselman, did move same.

It is argued by the defendant that because he had no title to this trailer, he could not insure it against such damages as occurred here. It is the opinion of this court that this argument is totally without merit in as much as he had no insurable interest in the trailer by the Certificate of Title Law, but this is a risk he must take by taking the trailer without having the title in his name. Here also, he can not be heard to complain of something which he failed to do.

For the foregoing reasons, this court is of the opinion that the plaintiff, Ruth H. Few, executrix of the estate of Norman Few, now deceased, should be and she hereby is awarded judgment in the amount of $1,436.66, plus the costs of these proceedings.

*Judgment for plaintiff.*